<div style="border: 1px solid black; padding: 10px; text-align: center;">
*FILED UNDER SEAL PER COURT ORDER*
</div>

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARY CLAIRE L. MCCOY** | **CIVIL ACTION NO. 19-01810** |
| **VERSUS** | **SECTION "S"** |
| | **DISTRICT JUDGE LEMMON** |
| **ISIDORE NEWMAN SCHOOL AND** | |
| ▓▓▓▓▓▓▓▓▓▓ | **MAG. DIV. (5)** |
| | **MAG. JUDGE NORTH** |

### REPLY IN SUPPORT OF *DAUBERT* MOTION TO EXCLUDE OR LIMIT THE TESTIMONY OF PLAINTIFF'S PSYCHIATRIC EXPERT, DR. EILEEN RYAN

**MAY IT PLEASE THE COURT:**

Defendant, Isidore Newman School ("Newman") submits this Reply in Support of its *Daubert* Motion to Exclude or Limit the Testimony of Plaintiff's Psychiatric Expert, Dr. Eileen Ryan.[1] Dr. Ryan's testimony should be excluded—or substantially limited—because she opines on wholly irrelevant matters, provides unreliable opinion testimony that relies on outdated information, and testifies to matters which are fundamentally unsupported and highly speculative. Dr. Ryan's testimony is therefore unreliable, unhelpful, and more prejudicial than probative. It should be excluded as such.

    **I.**     **Dr. Ryan Should Be Prohibited From Testifying About the Mental Health of Plaintiff's Parents, Sibling, and Friend**

Contrary to Plaintiff's characterization, Dr. Ryan's report does not simply contain the "family medical history" of Plaintiff's parents, brother, and friend, as Plaintiff contends.[2] Instead,

---

[1] R. Doc. 129.

[2] *See* R. Doc. 171 at 5. In characterizing Dr. Ryan's testimony as providing "family medical history," Plaintiff's Opposition overlooks the fact that Dr. Ryan discusses the impact of the report of sexual assault on Plaintiff's ▓▓▓▓▓▓▓▓▓▓ who is surely not a family member.

Dr. Ryan discusses the impact of the report of sexual assault and the events which transpired thereafter on Plaintiff's family and close friend. Plaintiff's description of this portion of Dr. Ryan's report as providing medical *history* overlooks the fact that Dr. Ryan makes no mention of the mental health of Plaintiff's family and ▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Logically, the impact of the incident and fallout on Plaintiff's family and ▓▓▓ is not a "history" at all.

The mental health and/or emotional well-being of Plaintiff's family and ▓▓▓▓▓▓▓ are not facts at issue in this case, particularly since they are not parties to the litigation and do not seek damages for emotional distress. As such, Dr. Ryan should be prohibited from relaying the mental-health impact of the relevant events on Plaintiff's parents, Dillard and Carla McCoy, Plaintiff's ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, as that testimony is irrelevant to Plaintiff's claim for damages. Moreover, this testimony about such irrelevant matters will only confuse a jury and should also be excluded for that reason.

## II. Dr. Ryan Should Be Prohibited From Relying On or Referencing an Outdated Chart

The Court should exclude as unreliable certain portions of Dr. Ryan's opinion, including any testimony concerning the outdated chart contained on page 33 of her report. Although Dr. Ryan uses the chart "[b]y way of illustration," such an illustration is unreliable and will confuse a jury because the figure—from 1995—incorporates criteria from the outdated DSM-III-R. The DSM has been revised *twice* in the interim, resulting in the presently applicable DSM-V. The Court should prohibit Dr. Ryan from testifying about any reliance on or reference to this figure from 1995, because reliance on or reference to this figure is unreliable and will confuse a jury.

2

PD.35603253.1

### III. Dr. Ryan Should Be Prohibited From Testifying About Speculative and Contradicted Opinions She Did Not Render to a Reasonable Degree of Medical Certainty

Dr. Ryan should be prohibited from testifying about or opining on symptoms or effects which plaintiff *might* encounter in the future and/or which Dr. Ryan cannot diagnose or predict to a reasonable degree of medical certainty. Specifically, in her report, Dr. Ryan opines about risks that Plaintiff *could* experience in the future and also discusses symptoms which are compatible with OCD, without diagnosing Plaintiff with OCD. These "opinions" are unsupported and unreliable and should be excluded because they will only confuse the jury.

Expert testimony about medical outcomes, including testimony about future medical needs, must be offered with a "reasonable degree of medical certainty." Courts in the Eastern District of Louisiana routinely exclude expert testimony concerning future medical outcomes or needs when "the evidence establishes [that] it is only treatment the plaintiff might need, rather than treatment the plaintiff will probably need." *Green v. Mercury Ins. Co.*, No. 20-1430, 2021 WL 1647715, at *5 (E.D. La. Apr. 27, 2021) (Vance, J.) (quoting *Brandner v. State Farm Mut. Auto. Ins. Co.*, No. 18-982, 2019 WL 636423, at *3 (E.D. La. Feb. 14, 2019) (Morgan, J.)); *see also Raborn v. Con-Way Truckload, Inc.*, No. 15-2969, 2016 WL 11687944, at *3 (E.D. La. Dec. 1, 2016); *Anders v. Hercules Offshore Servs., LLC*, 311 F.R.D. 161, 165 (E.D. La. 2015) (Africk, J.) ("In order to be admissible, projected treatment costs must be based on evidence demonstrating the treatment that a plaintiff will probably need, not simply the treatment that he might need.").

Dr. Ryan's report contains an entire paragraph related to "risks for Mary Claire." However, Dr. Ryan does not indicate those risks are ones Plaintiff will *probably* experience. In her report, Dr. Ryan states:

> In my opinion, continued **risks** for Mary Claire include alcohol use (which she has acknowledged using to excess in the past as a means of coping with her anxiety and depression related to the sexual and

3

> emotional abuse) continued work-related difficulties secondary to PTSD and depression, including irritability, anger, and avoidance; continued impairment in her relationships with friends and family; and continued problems with intimacy.[3]

As Plaintiff makes clear in her opposition "Dr. Ryan does not opine that Mary Claire *will* suffer work-related difficulties."[4] Instead, as Plaintiff clarifies, Dr. Ryan identifies work-related difficulties, alcohol use, and impairment in interpersonal relationships as "continued *risks*."

A review of the entirety of Dr. Ryan's opinion illustrates that these "risks" are merely issues Plaintiff *might* experience at some undetermined point in the remainder of her life, not issues Dr. Ryan believes Plaintiff *will probably* experience. In nearly every other paragraph where Dr. Ryan renders an opinion, she qualifies that opinion with the key phrase, "to a reasonable degree of medical certainty." Notably absent from the paragraph where Dr. Ryan describes this "risk" of "work-related difficulties" is any indication that Dr. Ryan believes, to a reasonable degree of medical certainty, that Plaintiff will suffer work related difficulties. Dr. Ryan should be prohibited from opining about the *risks* that Plaintiff *might* experience.

Similarly, Dr. Ryan suggests that Plaintiff "has experienced symptomatology compatible with Obsessive Compulsive Disorder (OCD)."[5] However, Dr. Ryan does not actually diagnose Plaintiff with OCD and does not opine, to a reasonable degree of medical certainty, that Plaintiff has OCD. As such, this testimony is unhelpful, confusing, and unreliable. It should be excluded as such.

---

[3] *See* Report of Dr. Eileen Ryan, R. Doc. 129-2 at 33 (emphasis added).

[4] R. Doc. 171 at 12 (emphasis in original).

[5] *See* Report of Dr. Eileen Ryan, R. Doc. 129-2 at 31.

4

## CONCLUSION

For the foregoing reasons, and as more fully explained in Newman's *Daubert* Motion to Exclude the Testimony of Plaintiff's Psychiatric Expert, Dr. Ryan, Newman maintains that Dr. Ryan's testimony should be excluded—or substantially limited. To the extent Dr. Ryan opines on irrelevant matters such as the mental health of Plaintiff's family and friends following the report of sexual assault, the Court should exclude such testimony. The Court should also prohibit Dr. Ryan from relying on outdated and unreliable information, including a chart from 1995, even for illustrative purposes. Finally, the Court should prohibit Dr. Ryan from opining on matters she cannot conclude with a reasonable degree of medical certainty, including issues Plaintiff *might* experience in the future and the notion that Plaintiff has symptoms consistent with OCD.

    Respectfully submitted,

    **PHELPS DUNBAR LLP**

    BY:    */s/ Harry Rosenberg*
         HARRY ROSENBERG (#11465)
         KIM M. BOYLE (#18133)
         REBECCA SHA (#35317)
         Canal Place
         365 Canal Street • Suite 2000
         New Orleans, Louisiana 70130-6534
         Telephone: (504) 566-1311
         Telecopier: (504) 568-9130
         E-mail:   harry.rosenberg@phelps.com
                      kim.boyle@phelps.com
                      rebecca.sha@phelps.com

    **ATTORNEYS FOR DEFENDANT, ISIDORE NEWMAN SCHOOL**

## CERTIFICATE OF SERVICE

I do hereby certify that on this 5th day of October, 2021 a copy of the foregoing sealed pleading was securely emailed to the email address listed in the Court's March 20, 2020 Notice Regarding Sealed Pleadings and Facsimile Filing of Paper Documents and a copy of said filing was served via e-mail upon all counsel of record.

                                              */s/ Harry Rosenberg*