# UNDER SEAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARIE CLAIRE L. MCCOY | CIVIL ACTION |
| VERSUS | NUMBER: 19-1810 |
| ISIDORE NEWMAN SCHOOL, ET AL. | SECTION: "S" (5) |

## ORDER AND REASONS

Before the Court is Plaintiff Marie Claire L. McCoy's Second Motion to Unseal. (Rec. doc. 133). Defendant Isidore Newman School ("Newman") opposes the motion. (Rec. doc. 185). Plaintiff has replied to the opposition (Rec. doc. 210), Newman has filed a sur-reply (Rec. doc. 225), and Plaintiff has filed a response to the sur-reply. (Rec. doc. 236). After learning of the Plaintiff's filing of her second motion to unseal, former Defendants ▇▇▇ and ▇ then filed a motion for copies of the second motion to unseal and its attendant pleadings and an extension of time to file an opposition (Rec. doc. 252), which this Court granted. (Rec. doc. 253).[1]

Intervenor Capital City Press, L.L.C. ("CCP") then filed a Motion to Intervene to Address Access Issues. (Rec. doc. 254). ▇▇▇ and Newman all opposed the motion to intervene, (Rec. docs. 256, 258), after which ▇▇▇ filed their opposition to

---
[1] Plaintiff failed to serve ▇▇▇ with her second motion to unseal, despite being required to do so by the express terms of a written settlement agreement between Plaintiff and ▇▇▇. At the hearing on CCP's Motion to Intervene, after being confronted with this apparent breach by the Court, Plaintiff's counsel described it as "inadvertent and immaterial." (Rec. doc. 272 at 14). While Plaintiff's failure may have been the former, it certainly wasn't the latter. Plaintiff's failure to notify her former opponents as required of her efforts to unseal the case meant that the motion and associated papers sat in the record for four months without ▇ ▇▇▇ knowing anything about it. The motion very well could have been granted and the entire matter unsealed at Plaintiff's request without ▇▇▇ knowing anything about it or having an opportunity to address the motion – an opportunity they bargained for with Plaintiff. That this lapse was not immaterial, to ▇▇▇ at least, cannot be seriously debated and the Court remains troubled as to the entire episode.

1

Plaintiff's second motion to unseal. (Rec. doc. 259). CCP then filed a reply to the oppositions to its motion to intervene. (Rec. doc. 264). This Court scheduled oral argument on CCP's motion to intervene. Before that argument, Plaintiff filed a supplemental pleading in support of her second motion to unseal (Rec. doc. 269), and Newman filed a supplemental memorandum in opposition. (Rec. doc. 270). Former Defendants ▆▆▆▆▆▆▆ also filed a supplemental opposition to the motion to unseal, (Rec. doc. 274), and Plaintiff replied. (Rec. doc. 277).

Following oral argument, the Court granted CCP's motion to intervene in part, allowing CCP access to certain pleadings related to its motion to intervene. (Rec. doc. 273). It also ordered CCP to file its own motion to unseal, because CCP's arguments for unsealing clearly did not align with the arguments put forth by Plaintiff. CCP filed its Motion to Vacate the Seal Order. (Rec. doc. 284).[2] ▆▆▆▆▆▆▆, and Newman filed oppositions to the motion to vacate (Rec. docs. 287, 288), and Plaintiff filed a motion in support. (Rec. doc. 289). CCP then filed a reply to its motion to vacate. (Rec. doc. 292).

As the foregoing procedural account fairly establishes, the parties[3] have litigated this issue into the ground. The record is bloated with supplemental pleadings piled upon supplemental pleadings, repetitious in the extreme and amounting to no more than transparent attempts to have the last word in this dispute – a dispute complicated and lengthened by Plaintiff's failure to apprise ▆▆▆▆▆▆▆ of her efforts. The only issues that this Court need resolve – and which were adequately briefed in the initial pleadings in this matter – are: (1) whether to unseal this lawsuit (and/or vacate the seal order); and (2)

---

[2] Like the Second Motion to Unseal, that motion was also referred by the District Judge.
[3] The Court does not include CCP in this observation.

if it does, whether and to what extent some of the information revealed in certain documents remains under seal.

I. **Factual Background**

The factual background of this lawsuit has been repeated on numerous occasions, and this Court need not repeat it here. (Rec. doc. 50).

II. **Law and Analysis**

Courts have recognized that the public has a common-law right to inspect and copy judicial records. *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 429 (5th Cir. 1981)). However, the public's common-law right is not absolute. *Nixon*, 435 U.S. at 598; *see Belo*, 654 F.2d at 430. "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598. Thus, the common law merely establishes a presumption of public access to judicial records.[4] *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988). Although the right of access to judicial records is not absolute, "the district court's discretion to seal the record of judicial proceedings is to be exercised charily."[5] *Fed. Savings & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987).

In exercising its discretion to seal judicial records, a court must balance the public's right of access against the interests that favor nondisclosure. *See Nixon*, 435 U.S. at 599, 602

---

[4] While other circuits have held that there is a strong presumption in favor of the public's common law right of access to judicial records, *see, e.g., EEOC v. Erection Co.*, 900 F.2d 168, 170 (9th Cir. 1990); *Bank of America Nat'l Trust v. Hotel Rittenhouse*, 800 F.2d 339, 344 (3d Cir. 1986), the Fifth Circuit has refused to assign a particular weight to the right. *See Belo*, 654 F.2d at 434 ("[T]he presumption – however gauged – in favor of public access to judicial records – [is] one of the interests to be weighed."); *see also Van Waeyenberghe*, 990 F.2d at 848 (quoting *EEOC* and *Bank of America*).

[5] The term "charily" is sometimes substituted for "guardedly" or "warily." Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/chary (accessed Apr. 13, 2022).

3

(holding that a court must consider "relevant facts and circumstances of the particular case"); *Belo*, 654 F.2d at 434; *see also Bank of America Nat'l Trust v. Hotel Rittenhouse*, 800 F.2d 339, 344 (3d Cir. 1986) (finding that a court has the duty to "balance the factors favoring secrecy against the common law presumption of access"); *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983) ("The historic presumption of access to judicial records must be considered in the balance of competing interests." (citing *Belo*, 654 F.2d at 434)).

In denying Plaintiff's first motion to unseal the record in this lawsuit, the District Judge held:

> While it is true that "the district court's discretion to seal the record of judicial proceedings is to be exercised charily, . . . the presumption of public access to judicial records is not absolute." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citations omitted). For instance, "[c]ourts have recognized that the privacy of children may constitute a compelling interest that outweighs the presumption in favor of public access." *Jaufre ex rel. Jaufre v. Taylor*, 351 F. Supp. 2d 514, 516-17 (E.D. La. Jan. 3, 2005) (citing *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002) ("When there is a compelling interest in secrecy, as in the case of . . . the privacy of children, portions and in extreme cases the entirety of a trial record can be sealed. . . . The interest in secrecy is weighed against the competing interests case by case.")).
> The instant case was originally filed under seal at the behest of plaintiff to protect the privacy of minors. No significant changes have occurred since the original filing to alter that justification. Moreover, this matter is in the very early stages of discovery, and at this juncture it is unknown what documents will be produced and whether their contents would be unjustly damaging to minors, including non-parties. Once discovery is complete, the court will be in a better position to evaluate the record as developed and determine whether full or partial unsealing is appropriate.

(Rec. doc. 71).

The Court finds today that the District Judge's expressed concerns no longer exist at this late date in the litigation. Discovery is complete, the Court has before it almost the entirety of the record, and it is now better able to gauge what pleadings or parts thereof should remain sealed and what pleadings may now be unsealed. Indeed, while the Court

4

notes that the District Judge originally denied Plaintiff's first motion to unseal on the ground of prematurity, the Court finds that the extensive discovery in this lawsuit has changed that calculation (as the District Judge predicted it might).

Plaintiff argues that this Court seal this lawsuit no longer or concern itself with the fact that the underlying incident occurred when the main parties and even some non-parties were minors, as they are now all adults. Newman disputes this fact, contending that one of the non-parties is still only 12 years old. Plaintiff has cited this Court to no case law – and this Court has found none – that requires the unsealing of a lawsuit simply because the main parties and certain non-parties who were minors at the time of the underlying incident have now attained the age of majority.

While Plaintiff relies heavily on *Chi v. University of Southern California*, No. 2:18-cv-04258, 2019 WL 3315282 (C.D. Cal. May 21, 2019), the Court finds that Plaintiff's reliance on that opinion is misplaced. In *Chi*, the Los Angeles Times sought to unseal briefs and supporting documents filed in connection with the preliminary approval of a class-action settlement of claims concerning University of Southern California ("USC") gynecologist Dr. George Tyndall's sexual abuse of students. *Id.* at *2-3. The court's decision to unseal was based on the public interest in understanding the judicial process and "'a venerable heritage rooted in the need for openness in a democratic society.'" *Id.* at *7 (citation omitted).

While the Court agrees with that district court that "[p]roviding the public with all available, non-privileged information furthers the public narrative about inappropriate sexual behavior and ensures for longer-lasting changes beyond the case at hand," *id.*, this Court does not find the California District Court's decision persuasive beyond that notion, largely because that Court was addressing sexual abuse by an adult in a position of authority

over an adult plaintiff, whereas this case involves alleged sexual abuse by Plaintiff's minor peer when the plaintiff was also a minor. That both Plaintiff and ▬ were minors at the time of the underlying incident (along with certain non-party witnesses) raises important issues not addressed by the *Chi* Court.

Turning to the crux of the parties' arguments, then, the Court identifies the competing interests with regard to the motion to unseal (and the motion to vacate) as follows:

(1) Plaintiff's "sincere wish to now share her story publicly – under her own name and with her own voice, without concealment of the facts or even her own identity – as she believes that it will be therapeutic, integral to her recovery process and will provide to her a form of connection and support to other survivors." (Rec. doc. 133-1 at p. 1).

(2) Newman's expressed desire to protect the identity of its minor students and its protestations that the parties have proceeded in this lawsuit while relying on Plaintiff's insistence that the lawsuit would remain under seal. (Rec. doc. 185 at p. 3).

(3) ▬▬▬▬▬ desire to protect their identities and any disparagement of them by Plaintiff in accordance with the settlement to which they agreed with her. (Rec. doc. 259 at p. 1).

(4) CCP's desire to protect the public's right of access to court documents, a protection afforded under the First Amendment to the United States Constitution and federal common law. (Rec. doc. 284-1 at p. 2).

Despite the parties' numerous pleadings, the Court finds that these issues are not nearly as complicated as the parties appear to make them.[6] Given the case law regarding the public's right of access to court documents and Plaintiff's desire to unseal the case that she initially sought to seal, the Court finds that the wholesale[7] sealing of this lawsuit is no longer warranted. On the other hand, the Court also finds that – given the privacy interests of major and minor non-parties at the time of the underlying events, some of whom are still minors[8] – many of the pleadings shall remain sealed and/or redacted to some extent. Given the initial sealing of the case (along with the District Judge's denial of the first motion to unseal), numerous non-party majors and minors – many of whom may have no idea of Plaintiff's new-found desire to unseal this case or even the very existence of this lawsuit itself – have been identified by their full names and other personal identifying information in various pleadings.[9] These non-party majors and minors have not waived their privacy rights, and indeed, the majority of them have not been given the opportunity to argue in favor of such rights. Neither have ▓▓▓▓▓▓▓▓, for that matter, especially given the confidentiality and the terms of the settlement agreement, which expressly prohibits Plaintiff from revealing the

---

[6] This is especially true given that the state-court criminal proceedings were not sealed in this lawsuit. *State of La. v.* ▓▓▓▓, Case No. 1237-091, plea entered October 30, 2018, State of Louisiana, Parish of Orleans, New Orleans Municipal Court. Idiomatically, then, the cat is out of the bag, and the sealing of this lawsuit has perhaps been for naught for some time now. As to the public exposure of this specific civil lawsuit, *see, e.g.*, https://www.courtlistener.com/docket/ 14575699/parties/mccoy-v-isidore-newman-school/.

[7] The Court uses this term because the entire docket sheet of this lawsuit is sealed. Indeed, most members of the public have no idea that this lawsuit exists. As CCP has pointed out, lawsuits sealed to this extent are few and far between in the judicial system and are generally not sanctioned.

[8] *See Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002) ("When there is a compelling interest in secrecy, as in the case of . . . the privacy of children, portions and in extreme cases the entirety of a trial record can be sealed . . . The interest in secrecy is weighed against the competing interests case by case."); *see also* LA. CH. CODE art. 407 (providing confidentiality of proceedings before the juvenile court with some exceptions); *id.* art. 412 (detailing the requirements of confidentiality, exceptions to confidentiality, and sanctions relating to "[r]ecords and reports concerning all matters or proceedings before the juvenile court").

[9] Indeed, in at least one deposition taken three months before the filing of the Second Motion to Unseal, an excerpt of which is in the record, counsel for Plaintiff insisted that certain confidential information could be produced to her by a former Newman employee because "this entire case is under seal right now." (Rec. doc. 185-1 at 73).

terms of the settlement and disparaging ▮▮▮▮▮▮▮▮▮ in the public sphere. These issues weigh in favor of only granting the motions at issue in part.

▮▮▮▮▮▮▮▮▮ argue that Plaintiff has already violated the settlement agreement by filing her second motion to unseal without notifying them of that filing. ▮▮▮▮▮▮▮▮▮ cite the following non-disparagement language from the settlement agreement to support their argument:

> The Parties and their Counsel agree to refrain from making any public statement, orally or in writing or through any form of social media, implying or accusing and naming the other Party and/or said Party's family of any wrongdoing related to or arising out of the Lawsuit and the facts and circumstances underlying the allegations, claims and defenses therein.

(Rec. doc. 259 at p. 2). The Court finds that no party to this proceeding has made any public statement orally or in writing with regard to this lawsuit, and there is no evidence to the contrary apart from certain parties' speculations. All documents have been filed under seal, and, indeed, as this Court has noted, the entire docket remains under seal.[10]

However, this Court cautions that any effort by Plaintiff to act on her expressed desire "to now share her story publicly – under her own name and with her own voice, without concealment of the facts or even her own identity – as she believes that it will be therapeutic, integral to her recovery process and will provide to her a form of connection and support to other survivors," (Rec. doc. 133-1 at p. 1), will be viewed as a violation of the clear terms of the settlement agreement as written as set forth above.[11] Accordingly, this Court finds that

---

[10] While this Court recognizes that Plaintiff failed to notify ▮▮▮▮▮▮▮▮▮ of her second motion to unseal – as required by the settlement agreement – that error has now been rectified, and ▮▮▮▮▮▮▮▮▮ have been given adequate opportunities by this Court to respond to the second motion to unseal.

[11] The settlement agreement contains a confidentiality provision which "is a material term of this Agreement, and its violation shall constitute a breach of this Agreement . . . ." The settlement agreement and all references to it remain under seal given that confidentiality was a material term agreed to by the parties. *See Seals v. Herzing Inc.-New Orleans*, 482 F. App'x 893, 896 (5th Cir. 2012) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) & *Bass v. Phoenix Seadrill/78, Ltd.*, 749 F.2d 1154, 1164 (5th Cir. 1985) ("However, 'the

the following orders are necessary, given that it will now recommend the unsealing in part of the docket of this lawsuit.

**IT IS ORDERED** that Plaintiff Marie Claire L. McCoy's Second Motion to Unseal (Rec. doc. 133) and the Motion to Vacate the Seal Order (Rec. doc. 284)[12] be **GRANTED IN PART** as follows:

This Court orders that the docket in this lawsuit will be unsealed in part according to the following procedures. Before the docket of this lawsuit is unsealed by the Clerk of Court, counsel for the parties (including former parties ███████████) shall review all of the pleadings filed by them on behalf of their respective clients (including exhibits) for the purpose of redacting the information identified below by the Court. Given that Plaintiff and her counsel are the parties seeking to unseal the docket of this lawsuit, which they had initially agreed to keep under seal, Plaintiff and her counsel shall bear the obligation to review any document or order issued by the Court for the same purpose.[13] In accordance with the case law regarding the privacy interests of minors and other non-parties, counsel for the parties shall redact the name and any other personal identifying information of

---

right to inspect and copy judicial records is not absolute,' and '[e]very court has supervisory power over its own records and files.' Here, paragraph six of the Confidential Consent Award states, 'All parties to the litigation and arbitration and their attorneys agree to keep the amounts and terms of the settlement confidential. Claimant understands and agrees that this confidentiality and non-disclosure agreement was a material inducement for Herzing to enter into this Agreement, and that it has value to Herzing.' In light of the parties' agreement to maintain confidentiality, the express statement that confidentiality was a material inducement for Herzing to settle, the fact that 'public policy favors voluntary settlements,' and the limitation of the district court's order to these three exhibits, we conclude that the district court did not abuse its discretion in ordering these exhibits sealed." (citations omitted)). It is beyond debate that the confidentiality and the non-disparagement provisions of the settlement agreement were material inducements for ███████████ to settle.

[12] This Court need not separately consider CCP's motion to vacate the seal order given that this Court's grant in part of the second motion to unseal accomplishes the same objective. In effect, the resolution of the arguments by CCP in its motion to vacate are subsumed within the analysis by this Court of Plaintiff's second motion to unseal.

[13] The undersigned previously accomplished much of this work for the parties.

**EVERY** non-party[14] to this lawsuit **AND** the names and personal identifying information of ▮▮▮▮▮▮▮▮▮▮ in accordance with the settlement agreement to which Plaintiff agreed). In addition, allegations involving any then-minors that are unrelated to the specific allegations at the foundation of this specific case shall be redacted wherever found.

The parties shall have until April 25, 2022 to accomplish these tasks and share with each other their respective proposed redactions. They may then make additional redactions and/or object to the redactions presented by the other parties no later than May 2, 2022. An in-person meet and confer, if necessary, shall take place no later than May 9, 2022, and the parties shall present to the Court a joint motion to substitute redacted documents into the record for previously sealed documents where appropriate. The parties are to separately but simultaneously present any objections to each other's proposed redactions to the Court for resolution. The Court will thereafter order the remainder of the record unsealed.

Plaintiff is cautioned against taking any action(s) (including those she and her counsel have expressly stated they wish to take with regard to public disclosures) that would violate her settlement agreement with ▮▮▮▮▮▮▮▮▮▮ in any way. This Court will take a harsh view of conduct that it ultimately deems violative of said agreement, given this warning.

The protective order (Rec. doc. 77) in this lawsuit – and the documents covered by it – remains firmly in effect as no party has moved to vacate it, and this Court finds no reason to vacate it at this time.

---

[14] This Order applies to whether the non-parties are currently minors or were minors at the time of the underlying facts of this lawsuit.

New Orleans, Louisiana, this 13th day of April, 2022.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE