UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARY CLAIRE MCCOY | CIVIL ACTION |
| VERSUS | NO: 19-1810 |
| ISIDORE NEWMAN SCHOOL, ET AL | SECTION: "S" (5) |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Motion for Partial Reconsideration** (Rec. Doc. 311) filed by plaintiff is **GRANTED**.

Plaintiff moves the court to partially reconsider its prior ruling on defendant Isidore Newman School's ("Newman's) Daubert motion directed to the testimony of plaintiff's expert, Dr. Eileen Ryan. The court had previously ruled that certain conclusions included in the report that were made without a reasonable degree of medical certainty were excluded. See Rec. Doc. 305.

Dr. Ryan stated on page 31 of her report that Mary Claire "has experienced symptomatology compatible with Obsessive Compulsive Disorder (OCD) given persistent thoughts and images that are experienced as intrusive and unwanted; however, her PTSD symptomatology . . . makes it difficult to differentiate OCD from PTSD. Trauma is associated with an increased risk for developing OCD." Previously, the court excluded the opinion noting that it was not explicitly made with medical certainty and that it was equivocal, and thus potentially confusing to the jury. Upon reconsideration, the court finds that the testimony is admissible. A review of Dr. Ryan's deposition transcript reflects that she opined as follows:

> Q. [With respect to the] last paragraph on 31 that starts, "As previously noted, Mary Claire has experienced symptomatology compatible with Obsessive Compulsive Disorder given persistent thoughts and images," . . .
>
> Again, you did not preface this statement with the phrase, "In my opinion, to a reasonable degree of medical certainty." Was this also intended to fall under the broader paragraph in the middle of the page, which starts with, "In my opinion, to a reasonable degree of medical certainty, she meets the DSM-V criteria"?
>
> A. It is intended to be to a reasonable degree of medical certainty she experiences compulsive symptomatology, but I did not diagnose her with OCD.

Depo. of Dr. Kathleen Ryan, Rec. Doc. 311-2, 169:12-170:3.

While the report and testimony do not reflect a clear-cut medical diagnosis of OCD, Dr. Ryan may testify to what she was able to determine relative to OCD in her clinical experience, namely, that Mary Claire experiences symptoms of OCD. Newman can explore any limitations in Dr. Ryan's opinion on cross-examination.

The court also excluded portions of Dr. Ryan's opinion concerning "continued risks for Mary Claire" at page 33 of the report, because it was not prefaced that it was made to a reasonable degree of medical certainty. Plaintiff suggests that the failure to couch the opinion in those specific terms was an oversight, and not due to the fact that the opinion was actually not based on a reasonable degree of medical certainty. Plaintiff thus seeks permission to question Dr. Ryan at trial as to the standard upon which the conclusions were made, and if they were in fact made with a reasonable degree of medical certainty. Newman opposes, arguing that to do so would unfairly permit Dr. Ryan to rehabilitate her expert report to meet the standard required for admissibility.

The court finds that if in fact the conclusion was reached to a reasonable degree of

medical certainty, Dr. Ryan's failure to explicitly state that in her report is harmless, and she may clarify that via her testimony at trial. See, e.g., Nagle v. Gusman, 2016 WL 560688, at *6 (E.D. La. Feb. 12, 2016) (quoting Estate of Sanders v. United States, 736 F.3d 430, 437 (5th Cir. 2013) ("[F]ailure to use certain 'magic words,' such as 'within a reasonable degree of medical certainty,' is not fatal to [the expert's] opinions.")). If it is established at trial that the opinion was not made with a reasonable degree of medical certainty, further testimony on it can be excluded, and an appropriate caution made to the jury. Therefore,

**IT IS HEREBY ORDERED** that the **Motion for Partial Reconsideration** (Rec. Doc. 311) filed by plaintiff is **GRANTED**.

New Orleans, Louisiana, this 28th day of November, 2022.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE